## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHELLE KRAUSS,                    CASE NO.:

Plaintiff,

v.

COHESIVE NETWORKS 2, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## DECLARATORY RELIEF REQUESTED

Plaintiff, MICHELLE KRAUSS ("Mrs. Krauss" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), seeking recovery from COHESIVE NETWORKS 2, INC. ("CN2" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Pasco County, Florida.

3. Defendant is a Florida profit corporation that maintains a location and does substantial business in Pasco County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Pasco County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) she suffered from a serious health condition or conditions as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant from March 1, 2021, until her termination on December 26, 2023.

8. In the Fall of 2023, Mrs. Krauss was informed by her treating physicians that she was suffering a serious uterine health condition and consequently needed to undergo hysterectomy surgery very soon.

9. Mrs. Krauss therefore asked her CN2 Supervisors, including Kristin Amato and William Blodgett, about applying for FMLA leave in order to undergo the surgery to treat and address her serious health condition.

10. In response to Mrs. Krauss's disclosures and inquiries, CN2 told Mrs. Krauss that she "wouldn't need" FMLA leave.

11. On November 3, 2023, Mrs. Krauss commenced a period of what should have been job-protected FMLA leave in order to undergo and convalesce from hysterectomy surgery, which was performed on November 7, 2023.

12. On November 15, 2023, Mrs. Krauss was informed by her orthopedist that she unfortunately suffered further serious health conditions, specifically degraded knee joints that required replacement of both of her knees.

13. On December 18, 2023, operating according to guidance provided to her by Mr. Blodgett, Mrs. Krauss visited CN2 and filled out initial disability forms.

14. Mr. Blodgett told Mrs. Krauss that CN2's third party benefits coordinator, Vensure, would soon provide her FMLA paperwork to fill out.

15. By December 29, 2023, Mrs. Krauss had grown concerned because Vensure had never provided her FMLA paperwork.

16. That day, December 29, 2023, Mrs. Krauss therefore called Vensure to follow up and request provision of FMLA paperwork.

17. At that time, Vensure informed Mrs. Krauss that CN2 had decided to terminate her employment, effective December 26, 2023.

18. A phone call by Mrs. Krauss to her CN2 Manager, Ms. Amato, confirmed that CN2 had been taken off the payroll effective December 26, 2023.

19. CN2's false statements in connection with Mrs. Krauss's application for FMLA leave constituted unlawful FMLA interference.

20. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mrs. Krauss notifying CN2 of her serious health conditions, and in retaliation for Mrs. Krauss utilizing or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

21. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

22. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

23. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

24. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of Plaintiff, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

25. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

26. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

27. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

28. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

32. At all times relevant hereto, Defendant interfered with Plaintiff by falsely stating that Vensure would provide her FMLA paperwork, by terminating Plaintiff because Plaintiff exercised and/or attempted to exercise her rights under the FMLA, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

33. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA**

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

38. At all times relevant hereto, Defendant retaliated against Plaintiff by mischaracterizing the nature of her approved leave, and by terminating her for applying or attempting to apply for FMLA leave and for utilizing or attempting to utilize what should have been FMLA-protected leave.

39. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

40. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 23rd day of December, 2025.

Respectfully Submitted,

*/s/ Andres Kroboth*
Andres Kroboth, Esq.
Florida Bar No. 1016483
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: andres@floridaovertimelawyer.com

*Attorneys for Plaintiff*